MAYOR ET AL.
*vs.*
CALDWELL.

In a sale *per aversionem,* notwithstanding the deficiency in the superficial quantity, the purchaser cannot claim a diminution in price.

---

MAYOR ET AL. *vs.* CALDWELL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE BUCHANAN PRESIDING.

The defendant was sued on his promissory notes, given for a number of " city bonds," payable in twenty years, with six per cent. interest, in semi-annual dividends, which, being accidentally *lost* or *destroyed,* he asked for *new ones,* or a rescission of the contract : *Held,* that he was entitled to neither ; but was bound to pay his notes, because the loss of the bonds did not diminish the city's obligation to pay them, and the interest as it became due.

This is an action against the defendant, on two of his promissory notes, given for a series, or twenty " city bonds," issued in negotiable form, payable in twenty years, with six per cent. interest, in semi-annual dividends.

The defendant resisted the payment of his notes, on the ground that in travelling to Mobile with eighteen of these city bonds in his trunk, which were obtained with the view of being sold for money, his trunk was accidentally taken out of the steam-boat, and was swept into the sea, and both it and the city bonds were forever lost or destroyed. He applied for new bonds, on showing the *loss,* and was refused. He expressly alleges, that the value of these bonds consisted

EASTERN DIST.
*March,* 1840.

MAYOR ET AL.
*vs.*
CALDWELL.

in their transferability, and facility of sale in the money market; and that the inducement to make the contract with the city of New-Orleans, and give his promissory notes, with mortgage, at short dates, was, these public bonds, redeemable at the end of twenty years, with the certain expectation of selling them in market for cash, or money to be used as capital, in establishing his gas works in New-Orleans. The bonds were headed " gas bonds."

He demanded a rescission of the contract, and return of his notes, as the main inducement or consideration had absolutely failed ; or, at all events, that new bonds, to the same amount, be issued to him.

The district judge refused both alternatives set up in the defence, and gave judgment for the plaintiffs. The defendant appealed.

*Canon* and *Deslix* contended, that the appellant was not exonerated from the payment of his notes by the loss of the bonds. The city would be compelled to pay them at maturity, on proving the loss.

*Eustis* and *Peirce* insisted, that the defendant had offered every thing in his power. He was ready, and proposed to indemnify or secure the city against loss, and receive new bonds, which was refused. He was without remedy, unless the contract was rescinded.

2. The main inducement to the contract had failed, which was the facility of transferring and selling the bonds for money. The cause of the contract which led to the *obligations* sued on had failed, and they consequently ceased to exist any longer, but had lost their binding force. *Louisiana Code,* 1893.

*Martin, J.,* delivered the opinion of the court.

The defendant is appellant from a judgment against him on his two promissory notes, and has based his hopes of relief on the following facts :

In the year 1834, he purchased from the plaintiffs twenty city bonds, of one thousand dollars each, payable in twenty

years, with six per cent. interest, payable semi-annually. The consideration of the sale was his five promissory notes, payable in one, two, three, four and five years from the date of the contract, bearing an interest of five per cent. He paid the two first notes, and part of the third.

Afterwards, on a trip to Mobile, his trunk, which contained eighteen of these city bonds, was accidentally lost, or destroyed. The present suit is for the recovery of the balance of the third and the amount of the fourth note.

On these facts, the defendant resisted the claim of the plaintiffs, by a plea of reconvention, asking the rescission of the sale, or the delivery of new bonds in lieu of those lost or destroyed, tendering security at the discretion of the court.

The defendant's principal reliance is on the article 1893, of the Louisiana Code, which provides, that " if the contract consists of several successive obligations, to be performed at different times, and the equivalent is not given in advance for the whole, but is either expressly or impliedly promised to be given at future periods, then, if the cause of the contract corresponding to either of the successive obligations, should fail, the obligation depending on it, will cease also. Thus, in leases for years, the obligation to pay the yearly rent ceases, if the property which is leased should be destroyed."

The case to which this article is applicable, is that of a contract, in which the consideration fails, and we believe *absolutely*, as in the example given, which is that of a house taken on lease, and is afterwards destroyed.

The lease is dissolved by the loss of the thing leased. *Idem.*, 2699. But not by its *injury*. Thus, if a house be destroyed by fire, there cannot be a doubt but that the lease is at an end. But if it be only injured by a conflagration, the provision in the code, article 2687, that " the expenses of the repairs which this unforeseen event may render necessary, must be supported by the lessor," clearly implies, that the lease is not thereby at an end. This principle is more clearly illustrated by article 2667, which provides that " if, during the lease, the thing be *totally* destroyed by an unforeseen event, the lease is at an end." " If it be only

EASTERN DIST.
*March*, 1840.

MAYOR 'ET AL.
*vs.*
CALDWELL.

destroyed *in part*, the lessee may either demand a diminution of the price, or a revocation of the lease."

In the present case, the loss of the bonds cannot deprive the plaintiffs of the consideration of the sale, because it does not diminish their obligation to pay the interest as it becomes due, and the capital at the time they engaged to pay it. It deprives the defendant of nothing but the facility of availing himself of his purchase by a transfer of the bonds. He may still transfer all his rights under them ; although this cannot now be done with the same ease and equal advantage. His right has been injured, but not destroyed. It still exists against the plaintiffs for the payment of the interest and capital, at the stipulated periods. The sale, therefore, cannot be rescinded.

The creditor who has lost his debtor's bond, may, indeed, demand the amount of it, at maturity, but was never, in a court of justice, considered as authorized to demand a new one. Were we to direct the city to give new bonds, which the defendant demands, they might be lost, and give rise to a demand for others.

He who has lost a bond, may, indeed, demand that the debtor should not avail himself of the loss, to his injury ; for no one ought to enrich himself at the expense of another. The loss must remain with the party on whom accident has placed it, and he cannot require that the party he dealt with should share it.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.